# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| STANSLY MAPONGA | § | |
| | § | |
| v. | § | NO. 4:24-CV-00587-SDJ-BD |
| | § | |
| CITY OF FRISCO, *et al.* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pro se plaintiff Stansly Maponga sued the City of Frisco and the Frisco Police Department for alleged civil-rights violations under 42 U.S.C. § 1983. Dkt. 1. The city moved to dismiss the case for want of prosecution after a piece of mail that the Clerk sent to Maponga was returned as undeliverable. Dkt. 10; *see* Dkts. 12 (response), 13 (reply). The City also moved to stay discovery pending resolution of the motion to dismiss. Dkt. 11. The court will deny the motion to stay and recommend that the motion to dismiss be denied.

Maponga's complaint shows his address as "1101 Parker *Dr*, Melissa, TX 75454." Dkt. 1 at 1 (emphasis added). The electronic docket, however, currently lists Maponga's address as "1101 Parker *Road*, Melissa, TX 75454" (emphasis added). As a pro se plaintiff, Maponga does not have access to the court's electronic docket. Eastern District of Texas Local Rule CV-5 provides that pro se litigants may file electronically only with leave of court, and although Maponga has consented to receive electronic notice of filings in this case, Dkt. 3, he has neither requested nor obtained leave to file electronically.

The court mailed a copy of an order to Maponga at the wrong address: 1101 Parker Road, Melissa, TX 75454. Dkt. 7. The envelope was returned marked "UNCLAIMED – UNABLE TO FORWARD." *Id.*

Based on that docket entry, the City moved to dismiss Maponga's complaint, urging the court to exercise its authority under Federal Rule of Civil Procedure 41(b). Dkt. 10. Inaccurately stating that Maponga's complaint listed his address as 1101 Parker Road, the City argues that the returned

mail evidences Maponga's failure to prosecute his case and to comply with Local Rule CV-11, which requires a pro se litigant to keep the court advised of his current mailing address. *Id.* at 1. The City also moved to stay discovery pending resolution of its motion to dismiss. Dkt. 11. In his response to the motion to dismiss, Maponga pointed out that, due to an error outside of his control, the returned mail was addressed to 1101 Parker Road, not 1101 Parker Drive. Dkt. 12. The City filed a reply arguing that the court should ignore Maponga's assertion of his address and instead find that he has failed to prosecute his case because he has two other pending cases whose dockets list different addresses. Dkt. 13 at 1–2.

Without addressing those other cases, the court finds that Maponga has not failed to prosecute his case or failed to comply with Local Rule CV-11. Maponga informed the court that his address is 1101 Parker Dr. *See* Dkt. 1 at 1. An apparent clerical error outside of Maponga's control resulted in the entry of "1101 Parker Road" in the court's electronic docket and the subsequent mailing of the court's order to that inaccurate address.

## CONCLUSION

It is **ORDERED** that the motion to stay discovery, Dkt. 11, is **DENIED**.

It is further **ORDERED** that the Clerk of Court update the electronic docket to reflect that Maponga's mailing address is 1101 Parker Dr, Melissa, TX 75454.

It is **RECOMMENDED** that the motion to dismiss, Dkt. 10, be **DENIED**.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas*

*v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 6th day of January, 2025.

_____
Bill Davis
United States Magistrate Judge